# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 19, 2009

Charles R. Fulbruge III
Clerk

No. 08-51266
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MOHAMMAD H GHARBI,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas, Austin
USDC No. 1:04-CR-180-12

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mohammad H. Gharbi was convicted of conspiracy, mail fraud, wire fraud, and bank fraud, and was sentenced to serve twelve months and one day of imprisonment. He appeals the denial of his motion for a new trial based on newly discovered evidence.

The "[d]enial of a motion for a new trial based on newly discovered evidence is reversed only when there is a clear abuse of discretion." *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Freeman*, 77 F.3d 812, 817 (5th Cir. 1996) (citation omitted). "Such motions are disfavored and reviewed with great caution." *United States v. Severns*, 559 F.3d 274, 280 (5th Cir. 2009).

> In order to receive a new trial on the basis of newly discovered evidence, the defendant must demonstrate that: (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence introduced at a new trial would probably produce an acquittal.

*United States v. Franklin*, 561 F.3d 398, 405 (5th Cir. 2009) (internal quotation marks and citation omitted).

The evidence that Gharbi relies on in support of his motion for a new trial is an affidavit of Firooz Deljavan, the alleged ringleader of the conspiracy, in which he says that Gharbi was an unwitting dupe. Gharbi asserted in his motion that he was unaware of Deljavan's proposed testimony prior to trial, and that Deljavan was unavailable to testify at trial because he was a fugitive. After Gharbi's trial, Deljavan was extradited to the United States from Turkey, was convicted, and was sentenced to five years in prison.

In its order denying Gharbi's motion for a new trial, the district court found that many of Deljavan's allegedly exonerating statements in his affidavit about Gharbi were in direct contravention of sworn testimony at Gharbi's trial. The court found further that Gharbi had failed to meet his burden of showing that, if a new trial were granted, Deljavan's testimony would probably produce an acquittal.

Although Gharbi argued in his motion for new trial and in his opening brief on appeal that he was unaware of Deljavan's proposed testimony prior to trial, he also states in his brief that he did not testify in his own defense at trial

because Deljavan was unavailable to corroborate his testimony. The Government contends that this is essentially an admission that Gharbi was aware of the substance of Deljavan's allegedly corroborating testimony at the time of his trial and thus Gharbi cannot now claim that the evidence was newly discovered. Gharbi replies that although he was aware at the time of his trial that he had been used as an unwitting dupe by Deljavan, Deljavan's testimony is nevertheless newly discovered. He concedes that if Deljavan had been unavailable at the time of his trial due to his assertion of the Fifth Amendment privilege, his testimony would not have been newly discovered. He contends, however, that because Deljavan was unavailable due to his fugitive status, his testimony is newly discovered. We reject that contention. Because Gharbi knew of the substance of Deljavan's testimony at the time of his trial, Deljavan's testimony is best characterized as "newly available" rather than "newly discovered." *See Freeman*, 77 F.3d at 817 ("When a defendant is aware of a co-defendant's proposed testimony prior to trial, it cannot be deemed newly discovered under Rule 33 even if the co-defendant was unavailable because she invoked the Fifth Amendment."). Gharbi cites no authority, and offers no basis, for distinguishing a co-defendant who is unavailable because he is a fugitive and one who is unavailable because of invocation of the Fifth Amendment privilege against self-incrimination.

Because Gharbi has failed to demonstrate that the evidence at issue is newly discovered, the district court did not clearly abuse its discretion by denying Gharbi's motion for a new trial. *See United States v. Wall*, 389 F.3d 457, 467 (5th Cir. 2004) ("If the defendant fails to demonstrate any one of these factors, the motion for new trial should be denied.") (citation omitted).

AFFIRMED.